UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MIGUEL SOTELO,<br><br>Movant. | No. 2:14-cr-0113 MCE DB P<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant contends that his trial counsel, Paul Irish, was ineffective on several grounds: (1) counsel failed to file a notice of appeal despite Movant's directive to do so, (2) counsel failed to properly investigate Movant's criminal history in preparation for sentencing and thus failed to challenge the criminal history points, and (3) counsel failed to properly argue Movant's eligibility for a sentence reduction pursuant to 18 U.S.C. § 3553(f). (ECF Nos. 51, 63.) Respondent has now filed a motion for order waiving Movant's attorney-client privilege and permitting discovery. Respondent further moves to stay the briefing schedule.

It is well established that a habeas petitioner severs the attorney-client privilege when the petitioner files a § 2255 petition asserting ineffective assistance of counsel. Bittaker v. Woodford, 331 F.3d 715, 716-17 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a

habeas Movant raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). However, the privilege is waived only "to the extent necessary to give [Respondent] a fair opportunity to defend against [the claim]." Id. at 720. The Court should impose a waiver "no broader than needed to ensure the fairness of the proceedings before it." Id. Consequently, discovery attorney-client communications requires a narrowly-drawn protective order. Id. at 720-25.

On review, the Court concludes that Movant has waived his attorney-client privilege as to Paul Irish. But Respondent also argues that this waiver extends to other persons, including any retained or appointed appellate counsel. While Respondent suggests that Movant may have had appellate counsel, it is not clear at this point if this was indeed the case. Accordingly, the Court's finding of waiver will be limited to Mr. Irish at this time.

Based on the foregoing, **IT IS HEREBY ORDERED** that Respondent's motion (ECF No. 74) is **GRANTED** subject to the following terms:

1. The Court finds that Movant, through his motion and amended motion alleging ineffective assistance of counsel, has waived the attorney-client privilege with respect to prior trial counsel, Paul Irish, regarding (1) communications regarding the filing of an appeal following Movant's sentence in Case No. 2:14-cr-00113-MCE; and (2) any communications, strategy, discussions, research, and investigative work product about Movant's criminal history and his eligibility for a sentence reduction related to the charges filed in Case No. 2:14-cr-00113-MCE.

2. Respondent is directed to submit its request for materials and information authorized by this Order through service of a subpoena on Paul Irish.

3. All responsive information provided by Paul Irish to the United States shall be to subject to the following protective order:

    a.    All privileged communications or materials obtained by the United States from trial counsel for purposes of responding to Movant's claim of ineffective assistance of counsel shall be deemed confidential.

        b.    Until such time as this Court may order otherwise, these communications or materials may be used only by representatives of the United States Attorney's Office and only for purposes of responding to Movant's § 2255 motion.

        c.    Disclosure of the contents of the communications or materials themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court.

        d.    The communications and materials may not be used, cited, or relied upon by the government in any habeas corpus or other related proceedings in federal court, or in any future proceedings against Movant, including any possible retrial.

        e.    This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Movant's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

4. The United States' motion to stay briefing schedule (ECF No. 74) is GRANTED. Respondent shall file a response to Movant's § 2255 motion on or before **January 29, 2021.**

5. Movant shall file any reply by **February 26, 2021**.

Dated: January 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/sote0113.waiver+stay

3