UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MIGUEL SOTELO,<br><br>Movant. | No.  2:14-cr-0113 KJM DB P<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner, proceeds pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 51, 63.) Movant pleaded guilty to possession with intent to distribute methamphetamine in 2015. He asserts ineffective assistance of counsel and other errors in connection with his guilty plea and sentencing. On March 22, 2022, the undersigned issued findings and recommendations to deny movant's grounds for relief two through five. (ECF No. 88.) By order of the same date, the government was directed to inform the court whether it elected to pursue an evidentiary hearing on movant's ground one, claiming trial counsel failed to file a notice of appeal. This matter is before the undersigned for supplemental findings and recommendations.

Movant presents the following grounds for relief: (1) counsel failed to file a notice of appeal (ECF No. 51 at 4); (2) counsel failed to fully investigate movant's prior criminal history in preparation for sentencing (Id. at 5); (3) movant became eligible for safety valve treatment under

1

18 U.S.C. § 3353(f) based on subsequent Ninth Circuit authority to be applied retroactively (ECF No. 63 at 1-2); (4) counsel failed to adequately investigate and argue favorable factors at sentencing (Id. at 2-3); and (5) the court erred in imposing a $25,000 fine and defense counsel invited the error (Id. at 3).[1] The factual and procedural background, and legal standards applicable to the 28 U.S.C. § 2255 motion, are set forth in the March 22, 2022 findings and recommendations, which are incorporated herein by reference. (See ECF No. 88 at 2-5.)

### I. Ground One

Movant claims his attorney failed to file a notice of appeal despite movant's explicit instruction for counsel to do so. (ECF No. 51 at 4.) In the March 22, 2022 findings and recommendations, the undersigned found the record showed movant instructed counsel to file a notice of appeal and did not personally rescind that instruction, even though there was evidence counsel believed movant had rescinded the instruction through third-party communication. (ECF No. 88 at 15-17.) The undersigned found movant was entitled to an evidentiary hearing on this ground and directed the government to inform the court, pursuant to United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), whether it elected to pursue the evidentiary hearing. (Id. at 17.)

On April 22, 2022, the government filed a response indicating respondent does not concede movant's claim in ground one is true. (ECF No. 90.) However, the government declines to pursue an evidentiary hearing on the matter. (Id.) Specifically, the government does not object to a recommendation that judgment be vacated and reentered, thereby allowing movant the opportunity to file a timely notice of appeal. (Id.) Such a recommendation will be made.

### II. Grounds Two through Five

In the March 22, 2022 findings and recommendations, the undersigned considered movant's waiver of the right to collaterally attack under 28 U.S.C. § 2255 in his plea agreement and found movant had knowingly and voluntarily waived the right. (See ECF No. 88 at 5-12.) On

---

[1] Movant raised grounds one and two in the initial motion to vacate. Movant raised grounds three, four, and five in the amended motion to vacate. (See ECF No. 88 at 3 (granting motion to amend and to incorporate the claims in the initial § 2255 motion with the claims in the later filed motion).)

2

this basis, the undersigned recommended movant's grounds two through five be denied. (Id.) In the alternative, as set forth in the remainder of these supplemental findings and recommendations, these grounds are substantively without merit.

### A. Ineffective Assistance of Counsel (Grounds Two, Four, and Five)

#### 1. Strickland Standard

The two prong Strickland standard governing ineffective assistance of counsel requires movant to establish (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011) (citing Strickland, 466 U.S. at 690). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Richter, 562 U.S. at 112). The court "do[es] not have to evaluate both prongs of the test if the defendant fails to establish one." Pollard v. White, 119 F.3d 1430, 1435 (9th Cir. 1997) (citing Strickland, 466 U.S. at 697).

#### 2. Ineffective Assistance of Counsel at Sentencing

In multiple grounds, movant claims counsel performed ineffectively in regard to preparation for the sentencing and the resulting sentence. Specifically, movant alleges counsel failed to fully investigate his prior criminal history, resulting in an "inflated" criminal history determination (ground two) (ECF No. 51 at 5); failed to investigate or argue favorable factors under 18 U.S.C. § 3553(a) and failed to argue movant's eligibility for safety valve under 18 U.S.C. § 3353(f) (ground four) (ECF No. 63 at 2-3); and invited the court to impose a fine, in error (ground five) (Id. at 3). As set forth below, these contentions are either unsupported or refuted by the record.

First, movant claims his criminal history determination was "inflated" and trial counsel was ineffective for failing to argue he was eligible for safety valve. (ECF No. 63 at 2.) However, movant presents no facts identifying a valid basis on which counsel could have made a good-faith argument for a different criminal history category determination or for application of the safety valve provision of 18 U.S.C. § 3353(f).

At the time of the plea agreement, the parties estimated movant's Criminal History Category would be I and that a two-level safety valve reduction to the offense level would apply "provided the defendant is eligible." (ECF No. 27 at 8.). Subsequently, it was determined movant had served a longer sentence than originally believed for his 15-year-old prior conviction in Spokane County, Washington, case 00-1-02035-1. (See ECF No. 83 at 4.) Ultimately, based on this information, movant's counsel had to concede movant was Criminal history Category II and not eligible for safety valve. (See Id.) Counsel argued, instead, a lower sentence was warranted because the prior conviction at issue resulted from conduct that occurred approximately 15 years prior, and movant had led a law-abiding life during that time until the conduct of conviction, among other reasons. (Id. at 3-4.) Movant presents no facts identifying a basis on which counsel could have made a good-faith argument for a lower criminal history category determination or for application of the safety valve provision of 18 U.S.C. § 3353(f). Instead, his reply brief appears to acknowledge he was Criminal History Category II, as the court found, and not eligible for safety valve. (See ECF No. 86 at 4 (arguing counsel should have discovered these facts prior to the plea).) Thus, he shows no basis for counsel to have made these arguments.

Movant next asserts counsel failed to argue movant was a drug user and not entrenched in drug trafficking, leaving the court with an "incomplete and negative view" of him. (See ECF No. 63 at 3.) The record refutes the claim.

In formal objections to the presentence report, counsel argued, among other objections, movant did not have significant ties to large scale drug trafficking organizations, gangs, or cartels, and did not use violence, deal to minors, or harm anyone during the commission of his crime. (ECF No. 32 at 2-3.) Counsel argued movant transported the methamphetamine for which he was convicted in part because of implied threats to movant and his family. (Id. at 3.) Counsel argued

4

movant had commenced using drugs and alcohol approximately 4 months prior to his arrest and was being provided controlled substances for his own personal use. (Id.) In addition, at the sentencing hearing, counsel explained how movant had been influenced to transport the methamphetamine for which he was convicted. (ECF No. 83 at 9-10.) Thus, the record refutes a claim that counsel failed to argue movant was a drug user not entrenched in drug trafficking.

Finally, movant fails to show ineffective assistance of counsel pertaining to the $25,000 fine imposed. Movant claims the record shows he clearly lacked ability to pay the fine and the amount is burdensome because he lost his business and marriage. (ECF No. 63 at 3.) He asserts counsel's inadequate argument invited the error. (Id. at 3.)

A court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In determining the amount of a fine under the applicable fine guideline range, a court shall consider various factors including, but not limited to, a defendant's ability to pay. U.S.S.G. § 5E1.2(d)(2); United States v. Orland, 109 F.3d 539, 549 (9th Cir. 1997). The fine is intended to be punitive, and it is only when a defendant establishes he is unable to pay a fine, or that his dependents would be burdened unduly by it, that a court may impose a lesser fine or waive it altogether. See U.S.S.G. § 5E1.2(e).

Here, the probation officer recommended a fine in the amount of $25,000, while counsel challenged that recommendation and argued, instead, for a $3,000 fine. (See ECF No. 29-2 at 4; ECF No. 32 at 4.) The court imposed a fine of $25,000, with no interest, to be paid in $25 installments per quarter while incarcerated. (ECF No. 83 at 12.) The record reflects movant's net worth at the time was $335,000. (ECF No. 32 at 2.) Movant does not argue this figure was incorrect, even if his circumstances have changed. Thus, although the fine imposed was significant, movant did not clearly lack the ability to pay. He therefore fails to show the fine was imposed in error or that counsel's performance was deficient.

### B. Retroactivity Claim

In ground three, movant claims he became eligible for more favorable sentencing treatment under 18 U.S.C. § 3353(f) based on subsequent Ninth Circuit authority to be applied

5

1  retroactively. (ECF No. 63 at 1-2.) In support of this ground, movant cites United States v. Brown, 879 F.3d 1043 (9th Cir. 2018), which does not support the claim.

In Brown, the Ninth Circuit examined Washington State's drug conspiracy statute and concluded it was too broad to meet the Sentencing Guidelines' definitions of a "controlled substance offense" because it was possible for a person to be convicted under that statute for conduct that would not be criminalized under federal law. Brown, 879 F.3d at 1046-48. Specifically, a defendant could be convicted of a drug conspiracy under Washington's drug conspiracy statute even if the only other "conspirator" was a law enforcement officer who did not intend that a crime be committed. Id. at 1048.

Movant was convicted of a Washington State drug conspiracy offense in 2000 in case 00-1-02035-1 in the Spokane County Superior Court. (ECF No. 29, ¶ 32.) Movant contends this prior conviction was the basis for his ineligibility for safety valve treatment under 18 U.S.C. § 3353(f), and thus that he became eligible for a lower sentence under retroactive application of the holding of Brown, 879 F.3d 1043. (ECF No. 62 at 2.) However, the record refutes movant's assertion that his prior drug conspiracy conviction was the basis for his ineligibility for safety valve treatment under 18 U.S.C. § 3353(f).

Instead, the principal or substantive count for movant's 21-month sentence in Spokane County case 00-1-02035-1 was count one, delivery of a controlled substance. (ECF No. 29, ¶ 32.) For count two, the drug conspiracy count, movant received a concurrent jail term sentence. (See Id.) Thus, movant's Washington State drug conspiracy conviction was not the basis for his safety valve ineligibility.

Delivery of a controlled substance in violation of RCW § 69.50.401A is a controlled substance offense for purposes of the Sentencing Guidelines. See United States v. Gonzalez-Tejeda, No. 12CR2967 WQH, 2013 WL 4401381, at *3 (S.D. Cal. Aug. 15, 2013) ("conviction under RCW § 69.50.401A for possession with intent to deliver methamphetamine necessarily proscribed conduct that is an offense under the Controlled Substance Act"), aff'd 599 F. App'x 734 (9th Cir. 2015). Movant therefore fails to show he would be entitled to more favorable sentencing treatment under the Ninth Circuit's holding in Brown, 879 F.3d 1043.

### III. Conclusion and Recommendation

For the reasons set forth above, movant's grounds two through five are substantively without merit. As set forth in the March 22, 2022 findings and recommendations, they are also barred by the collateral attack waiver in the plea agreement. (See ECF No. 88 at 5-12.)

Movant's sole remaining ground is ground one, claiming trial counsel failed to file a notice of appeal. The government declines to pursue an evidentiary hearing on movant's ground one and does not object to the court vacating and reentering judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED:

1. Relief on the motion to vacate under 28 U.S.C. § 2255 (ECF No. 51) be GRANTED as to movant's ground one, claiming counsel failed to file a notice of appeal, and judgment be vacated and reentered, thereby allowing movant the opportunity to file a timely notice of appeal.

2. All other grounds (grounds two through five) of the motion to vacate under 28 U.S.C. § 2255 (ECF Nos. 51, 63) be DENIED.

3. The Clerk of Court be directed to close the companion civil case No. 2:17-cv-0864 KJM DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2022

8.sote03.2255frsupp

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE