UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0113 KJM DB P |
| Respondent, | |
| v. | ORDER |
| MIGUEL SOTELO, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF Nos. 51, 63.[1] The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 22, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days. F&R, ECF No. 88. Movant filed objections to the findings and recommendations. Obj., ECF No. 91.

On May 31, 2022, the magistrate judge filed supplemental findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the supplemental findings and recommendations were to be filed within twenty-one days. Supp.

---

[1] This court construes movant's motion as comprising both ECF Nos. 51 and 63 given the magistrate judge's order at ECF No. 88.

1

F&R, ECF No. 92.  Movant filed objections to the supplemental findings and recommendations.  Supp. Obj., ECF No. 93.  In the supplemental objections, movant also raised a new motion to enlarge the record.  *Id.*

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations and the supplemental findings and recommendations to be supported by the record and by proper analysis.  This court addresses movant's supplemental objections and motion here.

First, movant argues the magistrate judge failed to address movant's ineffective assistance of counsel claim based on counsel's failure to properly investigate movant's prior criminal conviction and sentence and its effect on safety valve eligibility.  *Id.* at 2.  However, the findings and recommendations address this argument at length.  *See* F&R at 8-9.  This court agrees counsel's not getting to the bottom of a detail of movant's prior criminal history does not rise to the level of ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Second, movant argues the magistrate judge incorrectly stated movant did not oppose the figures used by counsel in determining movant's net worth and corresponding fine.  Supp. Obj. at 4; Supp. F&R at 5.  Movant argues "the [sentencing] court erred in imposing a $25,000 fine and defense counsel invited the error."  Supp. Obj. at 4.  Movant also asks this court to enlarge the record and admit public records supporting movant's claims of inability to pay and ineffective assistance of counsel, or in the alternative to take judicial notice of the public record.  Supp. Obj. at 5.

Lastly, the findings and recommendations note "the government does not seek to apply movant's appeal waiver or collateral attack waiver" to movant's claim of ineffective assistance of counsel for failure to file a notice of appeal.  F&R at 12.  The Supreme Court in *Garza v. Idaho*, held appeal waivers do not bar a defendant's appeal for ineffective assistance of counsel for failure to file a notice of appeal.  139 S. Ct. 738, 747 (2019).  Thus, movant may appeal on this claim regardless of the government's position on waiver.

Accordingly, IT IS HEREBY ORDERED that:

1. The supplemental findings and recommendations filed May 31, 2022, are adopted in full.
2. Relief on the motion to vacate under 28 U.S.C. § 2255 (ECF No. 51) is GRANTED as to movant's ground one, claiming counsel failed to file a notice of appeal.
3. All other grounds (grounds two through five) of the motion to vacate under 28 U.S.C. § 2255 (ECF Nos. 51, 63) are DENIED.
4. Judgment entered on November 19, 2015 (ECF No. 35) is VACATED and REENTERED, thereby allowing movant the opportunity to file a timely notice of appeal. This court will appoint counsel for plaintiff to aid in his appeal.
5. The Clerk of Court is directed to close the companion civil case No. 2:17-cv-0864 KJM DB.

DATED: December 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3